**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3808
_____

RALPH ABRAHAM JASMIN,
                                    Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
                                    Respondent
_____

Petition for Review of an Order of
the Board of Immigration Appeals
(Agency No. A091-255-453)
Immigration Judge: Roxanne C. Hladylowycz
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 11, 2017
_____

Before: GREENAWAY, JR., SHWARTZ, and RENDELL, Circuit Judges.

(Filed: August 17, 2017)

_____

OPINION*
_____

SHWARTZ, Circuit Judge.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Ralph Abraham Jasmin petitions for review of a decision of the Board of Immigration Appeals ("BIA") denying his application for withholding of removal and protection under the Convention Against Torture ("CAT"). Because Jasmin failed to exhaust his withholding of removal claim and because the BIA correctly concluded that he is not entitled to CAT relief, we will dismiss the petition in part and deny it in part.

I

Jasmin is a native and citizen of Haiti. He entered the United States in 1981 when he was three years old. In 1990, he became a lawful permanent resident. Thereafter, Jasmin was convicted in New York of attempted criminal possession of a weapon in the third degree and received a one-year prison sentence, and in Virginia of possession of cocaine with intent to distribute and received a five-year prison sentence.

The Department of Homeland Security ("DHS") issued a Notice to Appear, charging Jasmin with removability due to his firearm and drug-trafficking convictions. See 8 U.S.C. § 1227(a)(2)(C) (stating that an alien convicted of certain firearm offenses, including attempted possession of a firearm, is deportable); 8 U.S.C. § 1227(a)(2)(A)(iii) (stating that an alien convicted of an aggravated felony is deportable); see also 8 U.S.C. § 1101(a)(43)(B) (stating that illicit trafficking in a controlled substance is an aggravated felony).[1] The Immigration Judge ("IJ") sustained the charges of removability.

Jasmin filed an application for withholding of removal and CAT protection on the grounds that he would be persecuted and tortured in Haiti because he is gay. Jasmin

_____

[1] The DHS amended the Notice to reflect that Jasmin had also been convicted in Pennsylvania of delivery of cocaine for which he received a five-year prison sentence.

subsequently agreed that he is eligible only for deferral of removal under CAT. The IJ heard testimony from Jasmin, Jasmin's father, Jasmin's former romantic partner, one of Jasmin's sisters, and an expert witness, who corroborated Jasmin's assertion that he is gay and testified about the treatment of gay people in Haiti. The IJ also received reports and articles that described the country conditions and prevailing attitudes toward gay people in Haiti.

The IJ found that: (1) as Jasmin conceded, he was ineligible for withholding of removal because he was convicted of a "particularly serious crime," specifically, an aggravated felony for which he received a sentence of at least five years; and (2) Jasmin was not entitled to deferral of removal under CAT because he failed to establish that he would more likely than not be tortured if removed to Haiti. With respect to his CAT claim, the IJ concluded that: (1) while there was evidence of discrimination and violence against gay people in Haiti, Jasmin did not produce any evidence that he would more likely than not be targeted for violent attacks that would rise to the level of torture; (2) the record indicates that "well-off Haitians have access to gay-friendly places," and Jasmin would likely be considered "well-off," given that his father has his own medical practice in the United States and owns two houses in Haiti, A.R. 66; (3) Jasmin could relocate to a gay-friendly area; and (4) the record did not support the conclusion that the Haitian government is willfully blind to violence against gay people, given that there were no reports of police being involved in or condoning violence against gay people, and there was evidence that police have intervened to protect gay people from violence and are

3

trained about issues relating to the gay community. The IJ therefore denied Jasmin's application and ordered him removed to Haiti.

Jasmin appealed the IJ's decision to the BIA. Before the BIA, Jasmin argued that the IJ erred in concluding that he had failed to demonstrate he would more likely than not be tortured if returned to Haiti and, in particular, erred in assuming Jasmin would be considered "well-off" in Haiti. A.R. 21. The BIA affirmed. The BIA noted that Jasmin did not challenge the IJ's determination that he was ineligible for withholding of removal. With respect to Jasmin's CAT claim, the BIA found no clear error in the IJ's finding that Jasmin would not likely be tortured in Haiti because he is gay. The BIA concluded that: (1) there was no evidence that the police condoned or perpetrated violence against gay people; (2) the record in fact showed that the police were willing to protect gay people from violence and were receiving training with respect to issues in the gay community; and (3) the gay community was growing in Haiti and Haiti has gay rights organizations. The BIA also concluded that it did not need to rely on the IJ's finding that Jasmin would be "well off" in Haiti because, even if Jasmin would not be "well off," the IJ's predictive findings were still not clearly erroneous. A.R. 10 n.4. Jasmin petitions for review.

II

The BIA had jurisdiction to review the IJ's final order of removal pursuant to 8 C.F.R. § 1003.1(b)(3). In general, we have jurisdiction to review a final order of removal pursuant to 8 U.S.C. § 1252(a)(1). However, "because [Jasmin] is subject to removal based on an aggravated-felony conviction, the statute constrains our jurisdiction to constitutional claims or questions of law," which we review de novo. Myrie v. Att'y

4

Gen., 855 F.3d 509, 515 (3d Cir. 2017) (internal quotation marks and citation omitted); see also 8 U.S.C § 1252(a)(2)(C)-(D) (setting forth the appellate courts' limited jurisdiction to review final orders removing certain criminal aliens). Thus, "factual or discretionary determinations are outside of our scope of review." Myrie, 855 F.3d at 515 (internal quotation marks and citation omitted). Where, as here, "the BIA affirms and partially reiterates the IJ's discussions and determinations, we look to both decisions." Id. (citation omitted).

In his petition for review, Jasmin raises three arguments: (1) the Attorney General erred in In re Y-L-, 23 I. & N. Dec. 270 (Att'y Gen. 2002), by concluding that drug trafficking offenses with sentences of five years or more are per se particularly serious crimes that render an alien ineligible for withholding of removal; (2) the BIA violated his right to due process because it failed to conduct a de novo determination of whether the treatment he would face in Haiti would amount to torture; and (3) the BIA engaged in impermissible fact-finding by declining to rely on the IJ's finding that he would be "well off" in Haiti, yet nonetheless affirming the IJ's decision that he would not face torture in Haiti.

A

We do not have jurisdiction to consider certain of these arguments. A court may review a final order of removal only where "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). "[A] petitioner is deemed to have exhausted all administrative remedies . . . if he or she raises all issues before the BIA." Lin v. Att'y Gen., 543 F.3d 114, 120-21 (3d Cir. 2008) (internal

5

quotation marks and citation omitted). This exhaustion requirement is jurisdictional. Id. at 120.

The IJ concluded that Jasmin was ineligible for withholding of removal because he had been convicted of a particularly serious crime. See 8 U.S.C. § 1231(b)(3)(B)(ii) (stating that an alien who is convicted of a particularly serious crime is ineligible for withholding of removal). Jasmin conceded before the IJ that the only form of relief available to him was deferral of removal under CAT and made no argument to the BIA with respect to his withholding of removal claim, including whether he was convicted of a "particularly serious crime." Thus, Jasmin failed to exhaust his withholding of removal claim, and we lack jurisdiction to review it.[2] Accordingly, we will dismiss the petition for review with respect to Jasmin's withholding of removal claim.

B

An applicant for CAT relief must show that it is more likely than not he would be tortured if he were removed to his home country, 8 C.F.R. § 1208.16(c)(2), and that such torture would be "inflicted by or at the instigation of or with the consent or acquiescence of" his country's government, id. § 1208.18(a)(1). Determining whether a petitioner faces a likelihood of torture involves a two-part inquiry: "(1) what is likely to happen to

_____

[2] Jasmin argues that raising this claim before the BIA would have been futile because he is challenging the Attorney General's interpretation of the phrase "particularly serious crime," and the BIA cannot disagree with that interpretation. There is, however, no futility exception to the exhaustion requirement. See Duvall v. Elwood, 336 F.3d 228, 234 (3d Cir. 2003) (concluding that the petitioner was required to raise an issue before the BIA, even though the BIA had conclusively decided that issue against her position, and explaining that a jurisdictional exhaustion requirement cannot be subject to a futility exception).

the petitioner if removed; and (2) does what is likely to happen amount to the legal definition of torture?" Kaplun v. Att'y Gen., 602 F.3d 260, 271 (3d Cir. 2010); see also Green v. Att'y Gen., 694 F.3d 503, 508 (3d Cir. 2012) (characterizing the first prong as addressing the "likelihood of harm" to the petitioner). The first prong is factual, and the second is legal. Kaplun, 602 F.3d at 271. Jasmin argues that the BIA erred by affirming the IJ's opinion based on the first prong but conducting no analysis of the second prong. While we have jurisdiction to consider this argument, we have previously rejected it. See Green, 694 F.3d at 508 (holding that the IJ and BIA did not err in addressing only one prong of the Kaplun test because the petitioner's failure to meet either prong is dispositive). Because the BIA agreed with the IJ that Jasmin did not establish that he was likely to be harmed in Haiti, there was no need for the BIA to determine whether the anticipated harm met the legal definition of torture. Accordingly, the BIA did not err in declining to rule on that issue.[3]

_____

[3] As the likelihood-of-harm prong presents a question of fact, we lack jurisdiction to consider whether the IJ and BIA were correct in concluding that Jasmin did not face a likelihood of harm in Haiti. Myrie, 855 F.3d at 515. To the extent Jasmin argues that the BIA failed to consider his personal circumstances in ruling on the likelihood of harm issue, we would have jurisdiction to consider such an argument. See Green, 694 F.3d at 508 (treating a claim that the agency failed to consider all of the evidence as a claim of legal error). While the BIA's opinion may not have discussed all of Jasmin's personal characteristics, we are reviewing the opinions of both the IJ and BIA. Myrie, 855 F.3d at 515.

The IJ's opinion recounted Jasmin's personal circumstances in detail and took them into consideration in its decision. See A.R. 57 (acknowledging that Jasmin left Haiti at 3 years old, has never returned, and has no family living there); A.R. 66 (discussing how Jasmin's criminal history could impact his return to Haiti, even though he did not claim he would be tortured on account of being a criminal deportee). The BIA carefully reviewed the IJ's opinion and explicitly noted some of Jasmin's personal

C

In ruling on Jasmin's CAT claim, the BIA stated that "[t]o the extent that the Immigration Judge found that the applicant was 'well off,' we need not rely on this finding because we find no clear error in the Immigration Judge's predictive findings even if the applicant is not 'well off.'" A.R. 10 n.4. Jasmin argues that the BIA made an impermissible finding of fact by assuming that he would not be "well off" and yet affirming the IJ's conclusion. Jasmin is incorrect. The BIA did not make a finding of fact. Rather, the BIA simply noted that even if the IJ's finding that Jasmin would be "well off" in Haiti was erroneous, the BIA concluded that ignoring that factual finding, the evidence was nonetheless sufficient to support the IJ's conclusion that Jasmin did not face a likelihood of harm in Haiti. Given that the BIA ignored a factual finding that was adverse to Jasmin, it committed no error, harmful or otherwise. See Li Hua Yuan v. Att'y Gen., 642 F.3d 420, 427 (3d Cir. 2011) (concluding that, while the BIA erred in reviewing the IJ's factual determinations de novo, the error was harmless because the petitioner benefited from the lenient standard of review).

III

For the foregoing reasons, the petition for review is dismissed with respect to Jasmin's withholding of removal claim and denied with respect to his CAT claim.[4]

_____

circumstances as well. See A.R. 9 n.2 (noting Jasmin's status as a criminal deportee). Accordingly, the evidence of Jasmin's personal characteristics was considered.

[4] The Government's motion to dismiss will accordingly be denied as moot. Jasmin's motions to file his reply brief out of time and to waive filing the administrative record in hard copy are granted.